## SUPREME COURT.

### Howell Hoppock and Richard B. Greenwood agt. James C. Donaldson.

### Jesse Egert agt. The Same.

It is settled, by the decision of the court of appeals, in *Chappell* agt. *Chappell,* (2 *Kern.* 215,) that a *statement* in a *confession of judgment,* which merely sets out a *promissory note without stating the consideration,* is not a compliance with the provisions of the Code. (§ 383.)

Also, that where a judgment is thus defective, it may be set aside upon the application of a junior judgment-creditor.

*Held,* that one object of the provision of the Code by § 383 was, to remedy the mischief which was assumed to exist under the old method of entering up judgments upon bond and warrant of attorney, where the generality of those instruments afforded hardly an approximate indication of the nature or extent of the demand, or the consideration upon which it was founded.

On the other hand, had the legislature intended to require, in the case of a debt founded on a sale of goods, for instance, a statement of the kinds, qualities, prices charged, times of purchase or delivery in the minutest detail, it is manifest they would have expressed that intention in language far more precise and specific, instead of the brief and general terms in which the provision is expressed. Such a statement, instead of being " a *concise* statement of the facts," would be as minute and prolix as a bill of particulars; which clearly is not required, and would hardly be tolerated. (*All the reported cases on this subject examined.*)

Hoppock and Greenwood agt. Donaldson.

In this case, the judgment was confessed for the sum of $1,021.60, and the state-
ment was, "The sum of $521.60, it being for goods and merchandise hereto-
fore delivered to me, the said defendant, and which is now due.

"And also the sum of $500, being the amount of a bill of goods this day pur-
chased of him, the said plaintiff."

*Held,* that the first portion of the judgment which embraces the statement of the
sum of $521.60 could not be upheld. And that the other statement, being
more specific, was sufficient.

*Oneida Special Term, Feb.*, 1856.

On the 19th of April, 1855, a judgment, in the case second
above entitled, was entered up for the sum of $1,021.60, by
confession under § 383 of the Code; and on the 28th of De-
cember, 1855, a like judgment by confession was entered in the
first entitled suit for $397.09. The plaintiffs in this suit now
move to vacate and set aside the first judgment, on the ground
that it was confessed to defraud creditors—nothing whatever
being due thereon, and also because the statement and confes-
sion is not in conformity to the requirements of the 383d sec-
tion of the Code.

CHARLES H. DOOLITTLE, *for motion.*

JOSEPH BENEDICT, *opposed.*

BACON, Justice. From the facts disclosed in the several
affidavits which have been read on this motion, I am of opinion
that the *bona fides* of the judgment in favor of Egert has not
been successfully impeached. It was entered for a debt actu-
ally owing by defendant, the balance now claimed and shown
to be due the plaintiff being the sum of some $600 and over.
The question, which has been elaborately discussed, and which
remains to be disposed of, is, whether it can be upheld as a
judgment by confession under the Code? The judgment is
confessed for the sum of $1,021.60, and the following is the
statement and specification: "The sum of $521.60, it being
for goods and merchandise heretofore delivered to me, the said
defendant, and which is now due: and also the sum of $500,
being the amount of a bill of goods this day purchased of him,
the said plaintiff."

Hoppock and Greenwood agt. Donaldson.

It is insisted by the moving counsel that the whole judgment is void; or if not, that it is incapable of being sustained for more than a portion of the demand.

The section of the Code under which the judgment was confessed has been the subject of construction in several cases which have been presented for adjudication; and it becomes necessary to examine them, to ascertain if any principle has been established in the light of which the judgment can be upheld.

The language of § 383 is, that if the judgment be for money due, or to become due, "it (the statement) must concisely state the facts out of which it (the debt) arose, and must show that the sum confessed therefor is justly due, or to become due." The object of the codifiers, and of the legislature, was as stated in the note to the section, as originally reported, to prevent abuse, and so that the purpose and intent could neither be denied nor concealed; or, as is well stated by GARDINER, C. J., in *Chappell* agt. *Chappell*, (2 *Kern.* 215,) "to compel the parties to spread upon the record a more particular and specific statement of the facts out of which the indebtedness arose, thus enabling them by a comparison of that statement with the known circumstances and relations of the debtor, to form a more accurate opinion as to his integrity in confessing the judgment than was possible under the former system."

In the first reported case, involving the construction of this section, (*Plummer* agt. *Plummer*, 7 *Howard* 62,) Judge MASON, in the sixth district, held that it was not a sufficient compliance with this provision, to describe a promissory note without setting out the consideration of the note. The judgment in that case simply set out the note, giving the date, amount and time of payment. It was held insufficient, and the judgment was set aside.

In the case of *Mann* agt. *Brooks*, (7 *How.* 449,) Justice CADY, on the other hand, held that a confession which merely set out a promissory note, as the ground of the indebtedness was sufficient—dissenting from the opinion of MASON. In this case, however, before the motion was made, the judgment had, on application to the court, been amended by filing a statement

setting forth the true consideration of the note: so that the motion might very properly have been decided without any expression of opinion on the other point. This decision in this case, which was at special term, was affirmed at the general term, but on what ground does not appear from the report. (8 *How.* 40.)

The doctrine of this case was concurred in, substantially, by Justice ALLEN, of the fifth district, at special term, in *Whiting* agt. *Kenyon*, (7 *How.* 458;) but since the decision in the court of appeals in *Chappell* agt. *Chappell*, (2 *Kern.* 215,) these cases can no longer be considered as authority; and it may now be deemed settled, that a statement which merely sets out a promissory note, without stating the consideration, is not a compliance with the provision of the Code. This case also holds, that where a judgment is thus defective, it may be set aside upon the application of a junior judgment-creditor.

The next case that occurs in the reports, was decided by Justice CRIPPEN, at the Otsego special term, in Nov. 1853. (*Post* agt. *Coleman*, 9 *How.* 64.) The statement in that case was of a promissory note for a given sum, dated Nov. 3, 1853, and payable one day after date; and it was then added, " said note was given for a quantity of coal, purchased of the plaintiffs for the use of the Brainard House, that the defendant had been, and was then keeping." This was held sufficient. It omits to state that the defendant purchased the coal of the plaintiff, or that it was delivered to the defendant, and does not give the date of the purchase, except by reference to the date of the note; but it was held that, by necessary implication, the statement contained all that the section of the Code referred to could reasonably require.

In *Schoolcraft* agt. *Thompson*, (7 *How.* 446,) Justice T. R. STRONG, of the seventh district, decided, at special term, that a statement by confession of a debt, " for goods, wares and merchandise, sold and delivered to defendant by Schoolcraft, Raymond & Co., of which firm the plaintiff was a member, purchased in the years 1851 and 1852," was insufficient. He held that it conveyed no information of any considerable value,

neither giving the quantities nor prices, nor the time with any definiteness when the purchases were made. On an appeal to the general term from this decision, the order was reversed. (9 *How.* 61.) Justice JOHNSON, who gave the opinion of the court, holding that it never could have been intended to require a party to give a detailed statement of the transaction or dealings between the parties, or a bill of particulars. He adds, " The facts out of which the indebtedness arose, were the sales of goods, &c., to the defendant. These are all clearly and concisely stated, and the time within which they occurred, so that no one could possibly mistake the nature of the transaction out of which the indebtedness is alleged to have arisen."

The last reported cases are *Purdy* agt. *Upton,* and *Marshall* agt. *Upton,* (10 *How.* 494,) decided at the Westchester special term in March, 1855. The confession in each case was for $300, averred to be justly due, and in the first case the state-. ment of the debt was "for labor and building materials furnished by the plaintiff to the defendant." In the other case, "for goods and groceries, and for one horse and one cow, delivered to said Upton to the amount of $300, now due to said Marshall." These statements were held to be entirely insufficient, and the judgments were set aside. These were very bald cases indeed; and there can be no question that the decision was right, although Justice BROWN concedes that the time, the place, the quantity, the price, or par value, may not be indispensable requisites to make the statement effectual to support the judgment.

Having thus gone over and collected the cases which are to be found in the books, it remains to be seen whether any general principles can be extricated from them which will aid us in determining whether the judgment now in question can be upheld in whole, or for any part of the amount claimed thereon. I think it will be conceded that one object of the provision was, to remedy the mischief which was assumed to exist under the old method of entering up judgments upon bond and warrant of attorney, where the generality of the instruments used, as the foundation of the judgment, afforded hardly an approximate

indication of the nature or extent of the demand, or the consideration upon which it was founded. And so, on the other hand, had the legislature intended to require, in the case of a debt founded on a sale of goods, for instance, a statement of the kinds, qualities, prices charged, times of purchase, or delivery, in the minutest detail, it is manifest they would have expressed that intention in language far more precise and specific, instead of the brief and general terms in which the provision is expressed. Such a statement, instead of being in the language of the section—" a *concise* statement of the facts"—would be as minute and prolix as a bill of particulars. This clearly is not required, and would, indeed, hardly be tolerated in a confession made under the authority of this section.

In the light of these cases, collectively considered, I am of opinion that the portion of the judgment which embraces the sum of $521.60 cannot be upheld. It does not state that any purchase was made of any one, and more especially gives no date whatever to the transaction, or the several transactions, out of which the delivery of the goods arose.

This, it is manifest, would afford no clue whatever to a creditor who might desire to inquire into the consideration; for he is neither directed to the person by whom the delivery was made, nor is any time whatever indicated at or within which the transaction took place. The other statement is more specific. It gives the amount; it states that it is for goods that day purchased of the plaintiff, and is signed by the defendant, and the whole is verified by his affidavit of the truthfulness of the statement. As no credit is stated on the purchase, it must be assumed it was a sale for cash on delivery. I think this is sufficient, and affords the *indicia* from which a satisfactory investigation can be made.

Some question is made in the affidavits in regard to the actual delivery of the goods; and, in point of fact, it appears that they were not manually delivered to the defendant, or rather, not taken away by him, until the ensuing day, and, as to a part of them, not until some days subsequently. But the purchase was actually made on the day the judgment was entered up; a

considerable portion of the goods were then selected by the defendant, and all were ready for him.

That they were not taken from the store was not the fault of the plaintiff, and he should not suffer by the delay of the defendant to remove his property, and for which delay the plaintiff was in no manner responsible.

The order will therefore be, that the lien of the judgment of Egert, and the levy under his execution, be sustained, and have priority to the extent of $500, and interest from the date of the judgment, together with the costs of entering the same and sheriff's fees therein, and the balance is postponed to the lien of the judgment of the plaintiffs in the suit first above entitled.

No costs of this motion are allowed to either party.